**SHOOK & FLETCHER ASBESTOS SETTLEMENT TRUST, as Successor to Certain Assets and Liabilities of Shook & Fletcher Insulation Co., on the Trust's Own Behalf and on Behalf of the Shook Payment Trust, Plaintiff Below, Appellant,**

v.

**SAFETY NATIONAL CASUALTY CORPORATION, Defendant Below, Appellee.**

**No. 532, 2005.**

Supreme Court of Delaware.

Submitted: July 11, 2006.

Decided: Sept. 26, 2006.

---

John E. James and Richard L. Horwitz, of Potter, Anderson & Corroon, L.L.P., Wilmington, DE; Richard D. Shore, Mark A. Packman, Richard D. Milone (argued), and Stephen T. Raptis, of Gilbert, Heintz & Randolph, L.L.P., Washington, DC, for Appellant.

John S. Spadaro and Jonathan L. Parshall, of Murphy, Spadaro & Landon, Wilmington, DE; Andrew K. Epting, Jr. (argued) of Pratt–Thomas, Epting & Walker, Charleston, SC; and Randall E. Phillips, of Provizer & Phillips, P.C., Bingham Farms, MI, for Appellee.

Before STEELE, Chief Justice, HOLLAND, BERGER, JACOBS, and RIDGELY, Justices, constituting the Court en Banc.

RIDGELY, Justice:

Plaintiff–Appellant Shook & Fletcher Asbestos Settlement Trust has brought this action for declaratory judgment to determine insurance coverage for asbestos claims under policies issued by Defendant–Appellee Safety National Casualty Corporation. The claims have been made against Shook's predecessor, Shook & Fletcher Insulation Company. The matter is before us on interlocutory appeal of partial summary judgment granted by the Superior Court on choice of law, specifically whether the continuous trigger rule or exposure trigger rule applies under the law of Alabama. A "continuous trigger" rule allows recovery from a policy that was in effect any time from first exposure to asbestos until death. An "exposure trigger" rule allows recovery only from a policy that was in effect during some exposure to asbestos. The Superior Court determined that the exposure trigger rule applied under Alabama law.

Shook & Fletcher claims the Superior Court erred because it did not expressly consider how the Alabama Supreme Court would decide the issue, and because it improperly relied upon decisions of an Alabama trial court and the United States Court of Appeals for the Eleventh Circuit. Our review is *de novo*. We conclude that the Alabama Supreme Court would likely apply the exposure trigger rule. Accordingly, we affirm.

## I.

We reiterate the background of this litigation as stated by the Superior Court.[1] [Plaintiff] is a thermal insulation contractor and distributor. Since its establishment in 1949, [Plaintiff's] principal place of business has been Birmingham,

---

1. *Shook & Fletcher Asbestos Settlement Trust v. Safety Nat'l Cas. Corp.*, Del.Super. Ct., No. Civ.A. 04–C–02–087, Johnston, J. (Sept. 29, 2005), 2005 WL 2436193 at *1–2.

Alabama. Beginning in 1976, [Plaintiff] received claims for injuries and diseases relating to exposure to asbestos it installed or distributed.

In 1985, [Plaintiff] entered into an agreement with other asbestos claim defendants and some of their insurers. The purpose of this [agreement] was to jointly handle and defend asbestos cases. A claims facility was established to defend the claims.

In 1993, [Plaintiff], together with 19 other asbestos manufacturers and distributors, filed a class action complaint in the Federal District Court for the Eastern District of Pennsylvania in an attempt to settle asbestos claims. Insurers, including [Plaintiff's] insurers, were joined as third-party defendants. The United States Court of Appeals for the Third Circuit reversed certification of the class, holding that the proposed class failed to meet the requisite requirements of typicality, adequacy of representation, predominance and superiority. [T]he United States Supreme Court rejected the class action settlement and no coverage determinations were made as to [Plaintiff's] insurers.

Also in 1993, [Defendant] filed suit against [Plaintiff] in Alabama state court seeking a declaration of no coverage. [Plaintiff] counterclaimed, alleging entitlement to coverage, and added as third-party defendants its seven other insurers who had not previously settled. The Alabama action was stayed until 1997, in favor of the federal action.

In 1999, after full briefing and argument, the Alabama court held that the "exposure coverage theory" would apply, instead of the "continuous trigger" or "triple trigger" theory. This ruling was not appealed.

Because one of [Defendant's] policies contained an arbitration clause, the Alabama court ordered the parties to arbitrate that policy. The other two policies remained in suit. By a two-to-one decision, the arbitration panel applied an exposure trigger . . . .

By April 11, 1999, [Plaintiff] had entered into settlement agreements with all of its remaining solvent insurers, with the sole exception of [Defendant]. On April 12, 1999, [Plaintiff] agreed to settle the Alabama state court action without prejudice. The Order of Stipulation on Dismissal stated that "nothing in this dismissal or Order shall constitute a prejudicial bar or adjudication on the merits . . . and either party has the right to maintain a subsequent action with respect to any dispute between them, including but not limited to the issues presently addressed in this litigation . . . the Parties reserve all rights and defenses . . . ."

[Plaintiff] filed a lawsuit in the United States District Court for the Eastern District of Missouri, seeking to vacate the arbitration decision on the basis that the panel had exceeded its authority by ruling that the panel's decision was binding. The District Court held that the panel had exceeded its authority under Section 10(a)(4) of the Federal Arbitration Act. The Eighth Circuit Court of Appeals affirmed, holding that [Defendant's] policy "provided for mandatory but nonbinding arbitration."

Plaintiff filed this action seeking to establish coverage for claims under three excess liability policies issued by the defendant insurer for policy years 1983 through 1985.[2]

2. *Id.* at *1.

## II.

Plaintiff claims that the Superior Court erroneously applied the rationale of an Alabama trial court rather than predict and analyze how the Alabama Supreme Court would rule. Plaintiff also contends that the Superior Court relied on nonbinding and non-persuasive authority to reach its decision. In Plaintiff's view, had the Superior Court properly analyzed the issue it would have determined that the Alabama Supreme Court would adopt a continuous trigger standard. Defendant disputes each of these claims and asserts collateral estoppel as an alternative basis for sustaining the Superior Court's decision.

The parties do not contest any issues of fact. The issue is purely one of law, which we review *de novo*.[3]

### A. Alabama Law Applies

To determine whether the law of Delaware, as the forum state, or the law of Alabama applies, the Superior Court first had to determine whether there was a conflict between the two states' laws. Plaintiff argued to the Superior Court that because Alabama courts have not resolved the issue of which trigger to apply for asbestos insurance liability coverage, there was no conflict between Alabama and Delaware law.[4] Therefore, the law of the forum state, i.e., the continuous trigger rule should apply.

The Alabama Supreme Court has not yet decided which rule applies in Alabama. The Superior Court relied on two decisions wherein an Alabama trial court and the United States Eleventh Circuit applying Alabama law concluded that the exposure trigger is the rule that controls in Alabama: *Safety Nat'l. Cas. Co. v. Shook & Fletcher Insulation Co.*[5] (hereinafter the "Alabama decision"); and *Commercial Union Ins. Co. v. Sepco Corp.*[6] (hereinafter "Sepco").

Because there was "some" Alabama case law on the issue of which trigger applies, the Superior Court determined that Delaware and Alabama law do conflict. After applying the "most significant relationship" test,[7] the Superior Court determined that Alabama law should apply in this case. This ruling that the law of Alabama applies to this case is not challenged in this appeal.

### B. The exposure trigger likely applies under Alabama law.

 A trial court's determination of what the law is in another jurisdiction is treated as a ruling on a question of law which we review *de novo*.[8] Our task is to rule as the Alabama Supreme Court would probably rule if presented with the issue of which trigger rule to apply.[9]

---

3. *Merrill v. Crothall–Am., Inc.*, 606 A.2d 96, 99 (Del.1992).

4. *Shook & Fletcher Asbestos Settlement Trust*, 2005 WL 2436193 at *1–2; *see Hercules, Inc. v. AIU Ins. Co.*, 784 A.2d 481 (Del.2001).

5. *Safety Nat'l. Cas. Co. v. Shook & Fletcher Insulation Co.*, Ala. Cir. Ct. for Jefferson County, No. CV–93–01574, Carl, J. (Mar. 5, 1999).

6. *Commercial Union Ins. Co. v. Sepco Corp.*, 765 F.2d 1543 (11th Cir.1985).

7. *See Travelers Indem. Co. v. Lake*, 594 A.2d 38 (1991).

8. *Saudi Basic Indus. Corp. v. Mobil Yanbu Petrochemical Co.*, 866 A.2d 1, 29–30 (Del. 2005).

9. *See Monsanto Co. v. C.E. Heath Compensation & Liability Ins. Co.*, 652 A.2d 30, 35 (Del.1994); *see also TIG Ins. Co. v. Premier Parks, Inc.*, Del.Super. Ct., No. Civ.A.02C–04–126, Slights, J. (Mar. 10, 2004), 2004 WL 728858, at *9; *Monsanto Co. v. Aetna Cas. & Sur. Co.*, Del.Super. Ct., No. 88C–JA–118,

In the Alabama decision, the trial court relied upon an Alabama Supreme Court case of *U.S. Fid. & Guar. Co. v. Warwick Dev. Co.*[10] In *Warwick*, the Alabama Supreme Court determined that:

> [a] majority of courts have held that in order to have liability under the terms of such a policy the "occurrence" must arise during the policy period, for it is the insurance that is in force at the time of the property damage that is applicable rather than insurance that was in force when the work was performed.... USF & G also asserts, and we agree, that "as a general rule *the time of an 'occurrence' of an accident within the meaning of an indemnity policy is not the time the wrongful act was committed but the time the complaining party was actually damaged.*"[11]

The Alabama trial court concluded that *Sepco* correctly applied Alabama law to the unique nature of an asbestos injury.

We note that the Supreme Court of Alabama has recognized that decisions by Federal Courts applying Alabama law, while not dispositive, must be given due consideration.[12] Consistent with this approach, we must consider the *Sepco* case, just as the Alabama trial court did.

*Sepco* involved an insurer's liability for a corporation's manufacture of asbestos.

The question presented to the Federal Court of Appeals in Sepco was whether the insurer was obligated "to defend or pay any claim based upon an asbestos-related illness that failed to become manifest while [its] policy was in effect."[13] The court stated:

> We believe that the exposure theory is more accurately analyzed as positing not that each inhalation of asbestos fibers results in bodily injury, but rather that every asbestos-related injury results from inhalation of asbestos fibers. Because such inhalation can occur only upon exposure to asbestos and because it is impossible practically to determine the point at which the fibers actually imbed themselves in the victim's lungs, to equate exposure to asbestos with "bodily injury" caused by the inhalation of the asbestos is the "superior interpretation of the contract provisions."[14]

An Alabama treatise has recognized the significance of the *Sepco* decision. The Alabama Liability Insurance Handbook explains that:

> [w]here an injury arises from accumulative and progressive disease, such as asbestosis, courts have applied the rule that the time of the occurrence is when the injured party is exposed to the injury-producing hazard. In *Commercial Union Insurance Co. v. Sepco Corp.*, a

---

Ridgely, J. (Apr. 15, 1994), 1994 WL 161948, at *2.

**10.** 446 So.2d 1021 (Ala.1984).

**11.** *Id.* at 1024 (emphasis added); *(quoting Muller Fuel Oil Co. v. Ins. Co. of N. Am.,* 95 N.J.Super. 564, 232 A.2d 168 (App.Div.1967) (other citations omitted)); *see also Liberty Mut. Ins. Co. v. Wheelwright Trucking Co.,* 851 So.2d 466, 481 (Ala.2002).

**12.** *See Union Fid. Life Ins. Co. v. McCurdy,* 781 So.2d 186, 189 (Ala.2000) ("Alabama will look to federal law in interpreting this most complex area of litigation. However, we note that federal law is merely *persuasive* and a

starting point for our evaluation.") (citations omitted) (emphasis added); *Weems v. Jefferson–Pilot Life Ins. Co.,* 663 So.2d 905, 913 (Ala.1995) ("this Court *may* rely on a decision of any federal court, but it is bound by the decisions of the United States Supreme Court.") (quotations and citation omitted) (emphasis added).

**13.** *Commercial Union Ins. Co. v. Sepco Corp.,* 765 F.2d 1543, 1544 (11th Cir.1985).

**14.** *Id.* at 1546 (quotations and citations omitted).

case involving asbestosis, *the Federal Court adopted for Alabama the exposure rule,* which is perhaps the majority rule, but is far from being the only rule applied by courts to determine if an occurrence was triggered during the policy period.... [15]

Sepco clearly supports the view that the Alabama Supreme Court would likely adopt the exposure trigger rule.

Notwithstanding *Sepco,* Plaintiff argues that a continuous trigger standard is the majority rule and, therefore, Alabama would likely adopt it. The parties agree upon which jurisdictions have adopted the continuous trigger rule. They disagree on the number of jurisdictions which have adopted the exposure trigger. The following table includes the case law on continuous and exposure trigger theories cited by the parties. We have analyzed the cases where the parties disagreed upon which trigger theory the court actually adopted. Our analysis shows that the exposure trigger is the majority rule.

**15.** Alabama Liability Insurance Handbook 8–9 (2005); *see also* 1–1 The Law of Liability Insurance § 1.08 ("Since the policy covers repeated exposures, there has been substantial litigation to determine whether the operative event is the exposure to the hazardous materials, e.g., asbestos, chemicals or drugs, or the manifestation of the bodily injury or disease. The better position holds that each exposure to such harmful materials results in bodily injury and therefore constitutes an "occurrence" despite the fact that the disease may not be manifested for many years.") (emphasis added).

| Exposure | | |
|---|---|---|
| Louisiana | *Cole v. Celotex Corp.*, 599 So.2d 1058 (La. 1992). | Parties agree. Plaintiff claims that *Cole* is the only state supreme court to have adopted the exposure trigger. |
| Massachusetts | *A.W. Chesterton Co. v. Mass. Insurers Insolvency Fund*, 838 N.E.2d 1237 (Mass. 2005). | "The words 'during the policy period' immediately following the word 'occurrence' (and not, for example, after the words "bodily injury") suggest only that it is an occurrence, and not bodily injury, that must take place during the policy period."<br>The court rejects the continuous trigger, "Because the continuing progression of the disease is not enough to trigger the second or third ... policies, however, claimants who were not exposed to asbestos during their effective dates will not be covered...." |
| Maryland | *Lloyd E. Mitchell, Inc. v. Maryland Cas. Co.*, 595 A.2d 469 (Md. 1991). | Plaintiff contends that the court was receptive to the continuous trigger, however the court adopted exposure. "At a minimum, coverage under the policy is triggered upon exposure to and inhalation of asbestos fibers during the policy period by a person who suffers bodily injury because of that exposure."<br>"The trial court's determination that the policy now before us provides coverage only after an asbestos-related manifestation during the policy period is an interpretation at odds with the policy language and the clear weight of authority in the country." |
| Illinois | *Zurich Ins. Co. v. Raymark Indus.*, 514 N.E.2d 150 (Ill. 1987). | Plaintiff claims that *Zurich* adopted a continuous trigger in effect. However, the court held, "that an insurer whose policy was in force at the time a claimant was exposed to asbestos must provide coverage of that claim ... manifestation of a disease also triggers coverage." |
| Fourth Circuit - predicting NC law | *Imperial Cas. & Indemnity Co. v. Radiator Specialty Co.*, 67 F.3d 534 (4th Cir. 1995). | "The leading case addressing this theory of coverage is *Forty-Eight Insulations, supra.* In that case ... the court found the terms "bodily injury" and "occurrence" to be inherently ambiguous when applied to a progressive disease like asbestos. *Id.* at 1222. After considering both the exposure theory and the manifestation theory, the court rejected the latter and held that the date on which coverage is triggered is the date on which the first exposure to injury-causing conditions occurred."<br>"Accordingly, the court believes that the Sixth Circuit's decision in *Forty-Eight Insulations* represents the court's best "Erie" guess as to what theory of coverage North Carolina would employ in asbestos-related bodily injury coverage claims." |
| Fifth Circuit – predicting TX law | *Millennium Petro Chemical, Inc. v. Brown & Root Holdings*, 390 F.3d 336 (5th Cir. 2004). | "Both this court and the Texas Supreme Court have held that an asbestos-related injury occurs at the moment of exposure to the asbestos." |
| Fifth Circuit – predicting TX law | *Guar. Nat'l Ins. Co. v. Azrock Indus., Inc.*, 211 F.3d 239 (5th Cir. 2000). | Parties agree. |
| Fifth Circuit – predicting LA law | *Porter v. Am. Optical Corp.*, 641 F.2d 1128 (5th Cir. 1981). | Parties agree. |

| | | |
|---|---|---|
| **Sixth Circuit –** predicting OH law | *Lincoln Electric Co. v. St. Paul & Marine Ins. Co.,, 210 F.3d 672 (6th Cir. 2000).* | Plaintiff claims that *Lincoln* adopted a continuous trigger in effect. However, the court adopted exposure stating, "We are persuaded that the Ohio Supreme Court would adopt principles in harmony with the compelling rationale articulated in *Forty-Eight Insulations.*" (See *Imperial Cas.* above). |
| **Sixth Circuit –** predicting OH law | *Babcock & Wilcox Co. v. Arkwright-Boston Mfg.,* 53 F.3d 762 (6th Cir. 1995). | "I hold that the 'cause' of the injuries in question is the exposure of each individual to asbestos. That exposure thus constitutes an occurrence for the purposes of determining the number of occurrences." |
| **Sixth Circuit –** predicting MI law | *Budd Co. v. Travelers Indem., Inc.,* 820 F.2d 787 (6th Cir. 1987). | "We agree with the district court that resolution of the present dispute is governed by our decision in *Forty-Eight Insulations.*" |
| **Sixth Circuit –** predicting IL and NJ law | *Ins. Co. of N. Am. v. 48 Insulations, Inc.,* 633 F.2d 1212 (6th Cir. 1980). | Parties agree. |
| **Eleventh Circuit –** predicting AL law | *Commercial Union Ins. Co. v. Sepco Corp.,* 765 F.2d 1543 (11th Cir. 1985). | Parties agree. |
| **First Circuit** | *Liberty Mutual Ins. Co. v. Commercial Union Ins. Co.,* 978 F.2d 750 (1st Cir. 1992). | "We hold that … the carrier which last insured the liable employer during the period in which the claimant was exposed to the injurious stimuli and prior to the date the claimant became disabled by an occupational disease arising naturally out of his employment and exposure is responsible for discharging the duties and obligations of the liable employer." |
| **Continuous** | | |
| **Pennsylvania** | *J.H. France Refractories Co. v. Allstate Ins. Co.,* 626 A.2d 502 (Pa. 1993). | Parties agree. |
| **New Jersey** | *Owens-Illinois v. U.S. Ins. Co.,* 650 A.2d 974 (N.J. 1994). | Parties agree. |
| **Delaware** | *Hercules, Inc. v. AIU Ins. Co.,* 784 A.2d 481 (Del. 2001). | Parties agree. |
| **Third Circuit –** predicting PA law | *AC & S, Inc. v. Aetna Cas. & Surety Co.,* 764 F.2d 968 (3rd Cir. 1985). | Parties agree. |
| **D.C. Circuit** | *Keene Corp. v. Ins. Co. of N. Am.,* 667 F.2d 1034 (D.C. Cir. 1981). | Parties agree. |

Accordingly, we predict that the Alabama Supreme Court would likely adopt the exposure trigger rule just as the Alabama trial court and the Eleventh Circuit in *Sepco* have done. We rely upon the rationale of those cases and the fact that the exposure trigger is the majority rule. The Superior Court correctly determined that the exposure trigger applies in this case.[16]

## III.

The partial summary judgment of the Superior Court with respect to the application of the exposure trigger is AFFIRMED.

16. Because the exposure trigger rule applies as a matter of Alabama law, we need not address Defendant's alternative argument that collateral estoppel bars Plaintiff from relitigating the exposure trigger rulings of the Alabama trial court.