**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | |
|---|---|
| CHEMTURA CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. N14C-12-210 MMJ CCLD |
| | ) |
| CERTAIN UNDERWRITERS AT | ) |
| LLOYD'S, *et al.*, | ) |
| | ) |
| Defendants. | ) |

Submitted: July 13, 2016
Decided: July 20, 2016

## ORDER GRANTING LEAVE TO APPEAL
## FROM INTERLOCUTORY ORDER

David J. Baldwin, Esq., Michael B. Rush, Esq., Potter Anderson & Corroon LLP, Helen K. Michael, Esq., Erica J. Dominitz, Esq., Kilpatrick Townsend & Stockton LLP, Attorneys for Plaintiff Chemtura Corporation

John S. Spadaro, Esq., John Sheehan Spadaro, LLC, Stephen T. Roberts, Esq., Thomas J. Quinn, Esq., Alexander Mueller, Esq., Mendes & Mount, LLP, Attorneys for Defendants Certain Underwriters at Lloyd's London and Various London Market Insurance Companies

**JOHNSTON, J.**

Defendant Certain Underwriters at Lloyd's of London Subscribing to Policy Numbers K.11555, *et al.* applied under Rule 42 of the Supreme Court for an Order certifying an appeal from two interlocutory rulings of this Court. The Opinion dated April 27, 2016 granted Plaintiff's Motion to Determine Applicable Law Regarding Allocation, and denied Defendants' Cross-Motion for Choice of Law Determination. The June 20, 2016 Order denied Defendants' Motion for Reargument. The Court finds that these holdings decide a substantial issue of material importance that merits appellate review before a final judgment.

1.     The determination of whether to certify an interlocutory appeal lies within the discretion of the Court and is analyzed under the criteria set forth in Supreme Court Rule 42(b). When deciding whether to certify an interlocutory appeal, the Court must consider: (1) the eight factors listed in Delaware Supreme Court Rule 42(b)(iii); (2) the most efficient and just schedule to resolve the case; and (3) whether and why the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice. If the balance of these considerations is uncertain, the trial court should refuse to certify the interlocutory appeal.

2.     By Opinion dated April 27, 2016, this Court held:

> There are two locations at issue in this case: Arkansas and Ohio. The risk in question is the responsibility for the environmental remediation costs. Arkansas and Ohio have the most significant relationships to the environmental contamination and remediation. No other state has

2

a more significant relationship under [Restatement (Second) of Conflict of Laws] Section 193.

Insurers' reliance on case precedent involving nationwide products liability claims, and overwhelming corporate nexus, is misplaced. This case is an environmental dispute stemming from contamination at two locations. It is not a nationwide products liability case. Further, no state has such an overwhelming corporate nexus to overcome the law of the site presumption.

Therefore, the Court finds that Restatement (Second) of Conflict of Laws Section 193—the law of the site—applies. Additionally, considering the Section 188 and Section 6 factors, the Court finds that Arkansas and Ohio, the states with environmental contamination sites, have the most significant relationships.[1]

3. On May 4, 2016, Defendants moved for reargument. On June 20, 2016, the Court denied Defendants' Motion for Reargument.

4. Defendants argue that interlocutory appeal pursuant to Supreme Court Rule 42 is justified for several reasons. First, Defendants contend that the Court's choice-of-law ruling determines a substantial issue of material importance, as is reflected by the Courts acknowledgment in the April 27, 2016 Opinion that this ruling is "essentially case dispositive."[2] Defendants argue that the choice-of-law principles to be applied on allocation of damages among Chemtura's insurance policies is a core issue in this case and is of critical importance.

5. Second, Defendants assert that pursuant to Supreme Court Rules

---

[1] *Chemtura Corp. v. Certain Underwriters at Lloyds*, C.A. No. N14C-12-210 MMJ CCLD (Del. Super. Apr. 27, 2016) (Trans. ID 58919422).
[2] *Id.*

3

42(b)(iii)(G) and (H), a review of the April 27, 2016 Opinion may terminate the litigation or may otherwise serve considerations of justice. Defendants contend that if the Supreme Court definitively decides the choice-of-law issue at this stage, considerations of justice will be served because a central legal issue will be resolved and the parties and the Court will not have to spend time and resources to prepare that issue for trial. Further, Defendants argue that interlocutory review of the April 27, 2016 Opinion will serve considerations of justice by potentially providing a framework for and fostering of settlement discussions.

6.    Finally, Defendants argue that pursuant to Supreme Court Rules 42(b)(iii)(B), a review of the April 27, 2016 Opinion would resolve a conflict among the trial courts. Defendants contend that there is a conflict among Delaware trial court decisions when applying the Restatement factors under Sections 6, 188, and 193 to resolve choice-of-law issues in environmental coverage disputes. In its choice-of-law analysis, this Court adopted the Section 193 "law of the site" test. The Court held that no state had an overwhelming corporate nexus that could overcome the law of the site presumption. Defendants argue that the Court distinguished a line of cases[3] because they involved bodily injury resulting from nationwide products liability claims. Defendants contend that this distinction

---

[3] *Liggett Grp. Inc. v. Affiliated FM Ins. Co.*, 788 A.2d 134 (Del. Super. 2001); *Shook & Fletcher Asbestos Settlement Trust v. Safety Nat'l Cas. Corp.*, 2005 WL 2436193 (Del. Super.), *aff'd*, 909 A.2d 125 (Del. 2006); *Hoechst Celanese Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 1994 WL 721651 (Del. Super.).

between environmental claims and bodily injury claims did not exist in the case law prior to the Court's ruling in this case. Accordingly, Defendants argue that the Delaware Supreme Court's guidance is needed to resolve the conflict among the trial courts.

7. Plaintiff agrees that certification of the interlocutory appeal is appropriate in this case. Plaintiff states that the Court's choice-of-law determination presents a substantial issue of material importance because it resolves a critical core issue for determining the scope of insurance coverage obligations.

8. Plaintiff also is in agreement with Defendants that pursuant to Supreme Court Rules 42(b)(iii)(G) and (H), an immediate appeal would serve considerations of justice. Plaintiffs also contend that resolution of the choice-of-law issue, which is central to the case, will promote judicial efficiency and other interests of justice by promoting settlement discussions. Plaintiffs argue that interlocutory review, which will resolve the parties' choice-of-law dispute, will outweigh the costs of such an interlocutory appeal.

9. Although Plaintiff agrees that interlocutory review is appropriate in this case, it disagrees with Defendants' contention that the Court's April 27, 2016 Opinion created a conflict among trial court decisions regarding a question of law that warrants appellate review. Plaintiff argues that the Court properly applied the

law of the site presumption established by Restatement (Second) Section 193 and followed Delaware case law[4] that applied the law of the site presumption in other environmental coverage disputes. Plaintiff contends that it was proper for the Court to distinguish between bodily injury resulting from nationwide products liability claims and from contaminated real property claims, because bodily injury claims do not involve a risk located principally in any particular state that could give that state a paramount interest in the resolution of a coverage dispute.

10. The Court finds that the April 27, 2016 Opinion decided a substantial issue of material importance that merits appellate review before a final judgment. The Court determined that Section 193—the law of the site—applies. Additionally, upon consideration of the Section 188 and Section 6 factors, the Court held that Arkansas and Ohio, the states with environmental contamination sites, have the most significant relationships.

11. The Court next considers the eight factors listed in Supreme Court Rules 42(b)(iii)(A)–(H). The Court finds that its ruling—applying the law of the site presumption established by Restatement (Second) Section 193—is consistent with prior Delaware case law.[5] No conflict between the decisions of the trial courts exists to justify certifying an interlocutory appeal in this case on this ground

---

[4] *Burlington N. R.R. Co. v. Allianz Underwriters Ins. Co.*, 1994 WL 637011 (Del. Super.); *Clark Equip. Co. v. Liberty Mut. Ins. Co.*, 1994 WL 466325 (Del. Super.); *Chesapeake Utilities Corp. v. Am. Home Assurance Co.*, 704 F.Supp. 551 (D. Del. 1989).

[5] Del. Supr. Ct. R. 42(b)(iii)(A).

alone.[6] The interlocutory rulings do not construe a statute.[7] Jurisdiction is not disputed.[8] No prior decision or judgment has been reversed.[9]

12.     However, the Court finds that interlocutory review may terminate the litigation or otherwise serve considerations of justice.[10] The choice of law determination is central in this case because it determines the scope of Defendants' insurance coverage obligations. Because this issue is essentially case dispositive, interlocutory review may terminate the litigation. The parties agree that interlocutory review will promote judicial efficiency by furthering settlement discussions in a more timely manner.

13.     The Court finds that interlocutory review will be the most efficient and just way to proceed with the instant case. The benefits of appellate review—termination of the case and/or fostering settlement discussions—outweigh the probable costs, such that interlocutory review is in the interests of justice.

**IT IS ORDERED** that the Court's April 27, 2016 Opinion and June 20, 2016 Order are hereby certified to the Supreme Court of the State of Delaware for disposition in accordance with Rule 42 of that Court.

The Honorable Mary M. Johnston\

---

[6] Del. Supr. Ct. R. 42(b)(iii)(B).
[7] Del. Supr. Ct. R. 42(b)(iii)(C).
[8] Del. Supr. Ct. R. 42(b)(iii)(D).
[9] Del. Supr. Ct. R. 42(b)(iii)(E)–(F).
[10] Del. Supr. Ct. R. 42(b)(iii)(G)–(H).